IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| LADONNA PINKNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV214-075 |
| | ) | |
| WINN-DIXIE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has filed a Motion for Order Compelling Disclosure of Photographs, Surveillance Video, and Incident Report. (Doc. 11). Defendant has filed a Response (doc. 12), and Plaintiff has filed a Reply (doc. 16). The Court rules as follows:

1. **Photographs** – Plaintiff moves the Court to order Defendant to produce "all photographs depicting the area where [the] subject incident occurred." (Doc. 11, p. 11). Plaintiff cites Defendant's response to interrogatory that "photographs were taken at the time of [the] investigation" of the incident. (Id. at Exh. D, p. 38). Defendant asserts that there are no photographs of the incident scene itself and that after Plaintiff filed the instant Motion, Defendant provided to Plaintiff all previously undisclosed photographs in Defendant's possession. (Doc. 12, pp. 7–8).

Based on Defendant's representations, it appears that this portion of Plaintiff's Motion is moot. This portion of Plaintiff's Motion is **DISMISSED**.

2. **Surveillance Video** – Plaintiff also seeks production of "all surveillance videotapes in any way depicting [the] subject incident prior to depositions" of Plaintiff and eyewitness Mr. Tim Overstreet. (Doc. 11, p. 11). Plaintiff emphasizes that production of such video will allow Plaintiff to refresh her recollection and will eliminate an otherwise unfair advantage for Defendant during the depositions. (Id. at pp. 7–8). Defendant maintains that the surveillance video is not discoverable, because the video is work product for which Plaintiff has not shown a substantial need. (Doc. 12, pp. 2–3). Alternatively, Defendant seeks to withhold production of the surveillance video until after deposing both Plaintiff and Mr. Overstreet. (Id. at 3–5).

Federal Rule of Civil Procedure 26(b)(3)(A) sets forth the parameters of the work product doctrine:

> **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> **(i)** they are otherwise discoverable under Rule 26(b)(1); and
> **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Work product thus encompasses not only materials that an attorney has prepared but also materials prepared "by or for a party or any representative acting on his behalf." Fed. R. Civ. P. 26 advisory committee's note. A party invoking work-product protection must show that the material was "prepared for litigation purposes and not merely in the ordinary course of business." Jackson v. Deen, No. CV412-139, 2013 WL 1911445, at *10 n.21 (S.D. Ga. May 8, 2013) ("A party must anticipate litigation at the time the documents were drafted . . . . Materials or documents drafted in the ordinary course of

business are not protected."). The focus, then, in assessing whether the work product doctrine applies is when and why the material was created. Id.

Defendant recorded the video of the incident during the routine recording of its store surveillance system. (Doc. 12, p. 2). Defendant does not allege that it maintains the surveillance system in anticipation of litigation. See Sowell v. Target Corp., No. 5:14-cv-93, 2014 WL 2208058, at *2 (N.D. Fla. May 28, 2014) ("Indeed, common sense dictates that store surveillance videos are utilized by stores to prevent and detect theft by customers or by store employees."). It therefore appears that the video of the incident was recorded in the ordinary course of Defendant's business and is not protected work product.

Defendant's act of preserving the footage of the incident beyond the time when the system normally deletes videos, though done for the purposes of litigation, is not sufficient to transform the video into work product. At that time, Defendant had a duty to preserve the video to avoid spoliation of evidence. See Schulte v. NCL (Bahamas) Ltd., No. 10-23265-CIV, 2011 WL 256542, at *3 (S.D. Fla. Jan. 25, 2011) ("It would be anomalous, to say the least, if by ordering a client to preserve evidence created in the ordinary of business, in anticipation of litigation, counsel was able to shield that evidence from production based upon work product protection.").

While the surveillance video is subject to discovery, the Court retains the discretion to determine the timing of such discovery. See Fed. R. Civ. P. 26(d). Consistent with this Court's recent decision in Pate v. Winn-Dixie Stores, Inc., No. CV213-166, 2014 U.S. Dist. LEXIS 25494, at *3 (S.D. Ga Feb. 20, 2014), the Court finds that Defendant should have an opportunity to depose Plaintiff and Mr. Overstreet

based on their own independent, unrefreshed recollections of the incident, prior to producing the surveillance video. Plaintiff will not suffer any prejudice from delaying production of the surveillance video. If either deponent has limited recollection as to any details of the incident, he or she may testify to that.

This portion of Plaintiff's Motion is **GRANTED** in part. Defendant shall produce the surveillance video but need not do so until after deposing Plaintiff and Mr. Overstreet.

3. **Incident Report** – Plaintiff also requests the incident report that Defendant's manager prepared, stating that disclosure would refresh Plaintiff's recollection and promote fairness among the parties and that work-product protections do not apply. (Doc. 11, pp. 7–8). Defendant asserts that the investigative report is privileged work product and that Plaintiff does not have a substantial need because Plaintiff can depose the manager as a substantial equivalent. (Doc 12, p. 6). Defendant states that it nevertheless served to Plaintiff, after Plaintiff filed the instant Motion, a redacted copy of the incident report that excludes the mental impressions and conclusions of the manager. (Id. at p. 6 & n.3).

The work-product framework, discussed supra, applies equally to the investigative report. When an incident occurs in one of Defendant's stores, store employees investigate and create an incident report, which is transmitted to Defendant's claims department and to defense counsel. (Id. at p. 6). Defendant's incident report policy appears to exist solely for the purposes of evaluating claims and preparing for the prospect of litigation. The incident report in this case thus falls within the realm of work product.

Defendant nonetheless produced to Plaintiff a redacted copy of the incident report, and, to the extent that Plaintiff's Motion seeks an unredacted version, Plaintiff has not shown substantial need and undue hardship with regard to the redacted portions. Given that Plaintiff has the factual portions of the incident report, Plaintiff can adequately prepare her case; Plaintiff does not have a substantial need for the manager's mental impressions and conclusions in order to do so. See Southern Railway Co. v. Lanham, 403 F.2d 119, 132–33 (5th Cir. 1968) ("No doubt opposing counsel would like to confront the [appellant] with an evaluation or recommendation from its own agent that tends to undermine the [appellant's] case. But the agent's impressions are by no means necessary for the adequate preparation of appellee's case.").

To the extent that Plaintiff requests production of an unredacted incident report, this portion of Plaintiff's Motion is **DENIED**.

**SO ORDERED**, this 15th day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE