# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LADONNA PINKNEY, )
　)
　　Plaintiff, )
　)
v. ) CIVIL ACTION NO.: CV214-075
　)
　)
WINN-DIXIE STORES, INC., )
　)
　　Defendant. )

## ORDER

Presently before the Court is Defendant's Motion to Strike, or Alternative Objection to, Deposition Testimony of Defendant's store manager, Jonathan C. Gabler ("Gabler"). (Doc. 32; see also Doc. 34, p. 1). Defendant asks the Court not to consider the Gabler deposition, which was taken in a separate action against Defendant in this Court, Pate v. Winn-Dixie Stores, Inc., No. 213-cv-166 (S.D. Ga. Nov. 11, 2014), and which Plaintiff recently filed for her use in this case (see Doc. 28). (Doc. 32, p. 1). Plaintiff has filed a Response. (Doc. 34).

Defendant contends that Plaintiff may not use the Gabler deposition in this case based on Federal Rule of Civil Procedure 32(a)(8) ("Rule 32(a)(8)"), which governs a party's use of a deposition taken in an earlier action. (Doc. 32, p. 1 (citing Fed. R. Civ. P. 32(a)(8))). Defendant focuses on Rule 32(a)(8)'s language allowing such use "in a later action involving the same subject matter between the same parties." (Id. (emphasis omitted) (quoting Fed. R. Civ. P. 32(a)(8))). Noting that this case and Pate

involve different plaintiffs and separate incidents that occurred at different locations, Defendant concludes that Plaintiff has not satisfied the "same subject matter" and "same parties" requirements for using the Gabler deposition under Rule 32(a)(8). (Id. at p. 2).

Plaintiff responds that Rule 32(a)(1) provides the three general requirements for using depositions, and that those requirements are met here. (Doc. 34, p. 1 (citing Fed. R. Civ. P. 32(a)(1))). Specifically, Plaintiff maintains that (1) Defendant was represented by its counsel at the taking of the Gabler deposition; (2) the deposition would be admissible under the Federal Rules of Evidence; and (3) Plaintiff's use of the deposition is allowed under Rule 32(a)(2) through (8). (See id. at pp. 1-2 (citing Fed. R. Civ. P. 32(a)(1))). With regard to Rule 32(a)(8), Plaintiff asserts that the "same subject matter" and "same parties" exist where, as here, there is simply "a substantial identity of issues and the presence of an adversary with the same motive to cross-examine the deponent." (Id. at p. 3 (citations omitted) (quoting Hub v. Sun Valley Co., 682 F.2d 776, 778 (9th Cir. 1982))).

Rule 32(a)(1) provides the general rule that a deposition may be used against a party if three requirements are met:

> the party was present or represented at the taking of the deposition or had reasonable notice of it; . . . it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and . . . the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). The first requirement of Rule 32(a)(1) is clearly met here, because Defendant was represented, through its counsel, at the taking of the Gabler deposition. (See Doc. 28, p. 2). The remaining requirements, however, warrant further discussion.

2

As to the second requirement, the Federal Rules of Evidence generally exclude testimony from a prior proceeding as hearsay. Nationwide Mut. Fire Ins. Co. v. Kaloust Fin., LLC, No. 8:12-cv-235-T-33, 2013 WL 1437985, at *2 (M.D. Fla. Apr. 9, 2013), *amended on other grounds by* No. 8:12-cv-235-T-33, 2013 WL 3270410 (M.D. Fla. June 26, 2010); see also Fed. R. Evid. 802. But Federal Rule of Evidence 801(d)(2) ("Rule 801(d)(2)") clarifies that an admission of a party-opponent is not hearsay. Fed. R. Evid. 801(d)(2). An admission of a party-opponent includes a statement that is "offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D).[1]

It appears that Gabler's deposition testimony would be admissible in this case under Rule 801(d)(2) as an admission of a party-opponent. Gabler worked as a manager of Defendant's store at the time of the deposition (see Doc. 34, p. 1) and therefore was Defendant's agent. See City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 557–58 & nn.9–10 (11th Cir. 1998) (describing an agent as any employee under the direction of an employer). Gabler's duties included maintaining floor safety, conducting inspections, and filling out incident reports. (See Doc. 28, pp. 7, 9, 61). Gabler's deposition testimony on these topics thus concerned a matter within the scope of his employment, made during the existence of that employment. See Harcros

---

[1] Plaintiff argues that the Gabler deposition would be admissible under Federal Rule of Evidence 804(b)(1) ("Rule 804(b)(1)"). Fed. R. Evid. 804(b)(1). That rule provides certain exceptions to the hearsay rule "if the declarant is unavailable as a witness," including one exception for certain testimony taken in another proceeding. See id. Plaintiff has not suggested that Gabler is unavailable as a witness or that there is any impediment to deposing him in this case. And while Plaintiff cites Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 750–51 (11th Cir. 2002), in which the Eleventh Circuit Court of Appeals applied Rule 804(b)(1) without mention of the "unavailability" requirement, that case was both factually and procedurally distinct from the present action. The Court, however, need not determine whether Rule 804(b)(1) and Nippon Credit Bank, Ltd. apply here, because Rule 801(d)(2) provides a sufficient basis upon which to find Gabler's deposition testimony admissible under the Federal Rules of Evidence.

AO 72A
(Rev. 8/82)

Chems., Inc., 158 F.3d at 558 & n.10 ("[I]t is not necessary to show that an employee or agent declarant possesses 'speaking authority,' . . . . Instead, it is necessary that the content of the declarant's statement concern a matter within the scope of his employment or agency." (citations omitted)). Because Gabler's deposition testimony qualifies as an admission of a party-opponent, it would be admissible under the Federal Rules of Evidence, satisfying the second requirement of Rule 32(a)(1).

Relevant to the third requirement is that Rule 32(a)(2) through (8) address specific uses of and limitations on the use of a deposition. See generally Fed. R. Civ. P. 32(a)(2)–(8). Rule 32(a)(8) speaks directly to a deposition taken in an earlier action, allowing the use of such a deposition if the later action involves "the same subject matter between the same parties, or their representatives or successors in interest." Fed. R. Civ. P. 32(a)(8). Rule 32(a)(8) further states that "[a] deposition previously taken may also be used as allowed by the Federal Rules of Evidence." Id.[2]

While the parties dispute the "same subject matter" and "same parties" language, the latter provision of Rule 32(a)(8) plainly authorizes Plaintiff's use of the Gabler deposition. Rule 32(a)(8) permits using a deposition from an earlier action as allowed by the Federal Rules of Evidence, and, as discussed supra, evidentiary rule 801(d)(2) allows Plaintiff to use the Gabler deposition as an admission of a party-opponent. It follows, then, that Rule 32(a)(8) permits Plaintiff to use the Gabler deposition as an admission of a party-opponent. Because Gabler's deposition is allowed under Rule 32(a)(8), the third and final requirement of Rule 32(a)(1) is met.

---

[2] Plaintiff also cites Rule 32(a)(3), which allows using a deposition of the opposing party, its agent, or its designee, under certain circumstances. (Doc. 34, p. 2 (citing Fed. R. Civ. P. 32(a)(3))). Because the Court finds that Rule 32(a)(8) allows Plaintiff's use of the Gabler deposition, the Court need not consider whether Rule 32(a)(3) also applies here.

Because the three requirements of Rule 32(a)(1) are met, Plaintiff may use the Gabler deposition in this case. Defendant's Motion to Strike the Gabler deposition and its Alternative Objection to the Gabler deposition (Doc. 32) are **DENIED**.

**SO ORDERED**, this 17th day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)