IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LADONNA PINKNEY,                )
                                )
        Plaintiff,               )
                                )
    v.                          )    CIVIL ACTION NO.: CV214-075
                                )
                                )
WINN-DIXIE STORES, INC.,         )
                                )
        Defendant.               )

## ORDER

Presently before the Court is Plaintiff's Motion to Find Spoliation. (Doc. 33). Plaintiff moves the Court to find that Defendant spoliated photographs taken at the scene of Plaintiff's slip and fall and to sanction Defendant by instructing the jury on spoliation, finding against Defendant on the issues of negligence and causation, and forbidding Defendant from further contesting those issues. (Id. at pp. 1–2). Defendant has filed a Response (Doc. 37), to which Plaintiff has filed a Reply (Doc. 40).

In an Order dated September 15, 2014, the undersigned dismissed, as moot, Plaintiff's Motion to Compel the production of photographs taken at the scene of Plaintiff's incident (Doc. 11). (Doc. 18, p. 1). Plaintiff had cited Defendant's response to

interrogatory that "photographs were taken at the time of [the] investigation" of the incident (id. (citing Doc. 11, Ex. D, p. 38)), yet the Court found dispositive Defendant's explanation that "there [were] no photographs of the incident scene itself and that after Plaintiff filed [her] Motion, Defendant provided to Plaintiff all previously undisclosed photographs in Defendant's possession" (id. (citing Doc. 12, pp. 7–8)). Following that Order, Plaintiff deposed Defendant's employee, Cindy Howard ("Howard"), who testified that Defendant had a policy of photographing the scene of a slip and fall immediately after its occurrence, uploading the photographs to a store computer, e-mailing the photographs to the claims management company, and delivering hardcopies to Defendant's home office. (Doc. 33, p. 6 (citing Doc. 27, pp. 16–27)). Plaintiff then deposed former employee Javier Aguirre ("Aguirre"), who stated that he prepared the incident report for Plaintiff's slip and fall, took photographs of the incident scene, and followed the protocol of uploading and transmitting those photographs. (Id. at p. 7 (citing Doc. 29, pp. 23, 33, 35–37, 50–52)).

Based on the depositions of Defendant's employees, Plaintiff now files the instant Motion alleging that Defendant's failure to preserve the photographs of the incident scene constitutes spoliation and warrants sanctions. (Id. at p. 1). To show that spoliation occurred, Plaintiff cites the doctrine of continuity—which states that evidence proven to exist is presumed to continue to exist until the occurrence of some intervening act—and reasons that the photographs would not have ceased to exist without some intervening, purposeful act of Defendant to destroy the evidence. (Id. at pp. 10–11 (citing S.T. Coleman & Burden Co. v. Rice, 31 S.E. 424, 424 (Ga. 1898))). Such an act amounts to spoliation, according to Plaintiff, because an affidavit of Howard reveals that

Defendant had notice of the probability of litigation involving Plaintiff. (Id. at p. 12; see also Doc. 20, pp. 4–5 (confirming that Defendant generates incident reports for use in potential claims or lawsuits)). Plaintiff urges the Court to impose spoliation sanctions because (1) the spoliation has prejudiced Plaintiff; (2) that prejudice cannot be cured; (3) the photographs are highly probative; and (4) Defendant acted in bad faith, based on circumstantial evidence. (Doc. 33, pp. 13–19).[1]

Defendant maintains that the Court should deny Plaintiff's Motion on the basis that Plaintiff is not entitled to spoliation sanctions. (Doc. 37, p. 1).[2] Defendant responds to Plaintiff's grounds for sanctions in turn, arguing that (1) Plaintiff has not suffered prejudice; (2) there is no prejudice to cure; (3) the photographs have no practical importance in this case; and (4) the circumstantial evidence does not support a finding of bad faith. (Id. at pp. 2–5 & n.1).

"Spoliation" refers to "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Graff v. Baja Marine Corp., 310 F. App'x 298, 301 (11th Cir. 2009) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). A district court has broad discretion to impose sanctions against a spoliator. Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005). In a diversity suit, "federal law governs the imposition of spoliation sanctions." Id. But because federal law in this

---

[1] Plaintiff cites the following as circumstantial evidence of Defendant's bad faith: that Defendant has produced other photographs that were uploaded and transmitted along with the missing photographs; that Defendant initially failed to disclose that photographs of the incident scene once existed; that Defendant allegedly attempted to frustrate Plaintiff's deposition of Aguirre; and that Defendant allegedly committed various discovery abuses unrelated to the photographs at issue. (Doc. 33, pp. 15–19).

[2] While Defendant briefly mentions that Plaintiff's arguments "have not met the legal standard for a finding of spoliation" (Doc. 37, p. 5), Defendant fails to more specifically refute Plaintiff's assertions in support of spoliation. Rather, Defendant's argument focuses almost exclusively on the potential consequences of the alleged spoliation.

3

Circuit does not set forth specific guidelines for the imposition of spoliation sanctions, the Court of Appeals for the Eleventh Circuit has directed courts to consider certain factors enumerated under Georgia law:

> (1) whether the [moving party] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [spoliator] acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence was not excluded.

Id. at 945; see also McLeod v. Wal-Mart Stores, Inc., 515 F. App'x 806, 808 (11th Cir. 2013) (quoting Flury, 427 F.3d at 945); Chapman v. Auto Owners Ins. Co., 469 S.E.2d 783, 785 (Ga. App. 1996).

In the Eleventh Circuit, "an adverse [spoliation] inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997); see also Sec. & Exch. Comm'n v. Goble, 682 F.3d 934, 947 (11th Cir. 2012) (quoting Bashir, 119 F.3d at 931). While bad faith does not always require a showing of malice, Flury, 427 F.3d at 946, "'mere negligence' in losing or destroying the [evidence] is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case," Bashir, 119 F.3d at 931 (internal quotation marks omitted) (citations omitted). Rather, the moving party must show that the spoliator "purposely lost or destroyed the relevant [evidence]." Bashir, 119 F.3d at 931; see also Goble, 682 F.3d at 947 (requiring evidence that the spoliator destroyed relevant documents or "made intentional efforts to withhold evidence at trial"); Denim N. Am. Holdings, LLC v. Swift Textiles, LLC, 816 F. Supp. 2d 1308, 1329 (M.D. Ga. 2011) (requiring evidence that a party possessed an "improper motive for failing to preserve the evidence"); cf. id. ("If the party destroyed the

AO 72A
(Rev. 8/82)

evidence as part of a routine practice (or even haphazardly) with no evidence that the party was motivated by any intent to destroy evidence, then no bad faith should be inferred.").

A court may find bad faith "based on direct evidence or on circumstantial evidence where certain factors converge." Thornton v. Blitz USA, Inc., 850 F. Supp. 2d 1374, 1376–77 (S.D. Ga. 2011) (internal quotation marks omitted) (quoting Atl. Sea Co. v. Anais Worldwide Shipping, Inc., No. 08-23079, 2010 WL 2346665, at *1 (S.D. Fla. June 9, 2010)). Circumstantial evidence supports a finding of bad faith when

> (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

Id. at 1377 (quoting Atl. Sea Co., 2010 WL 2346665, at *1).

It appears that photographs of the scene of Plaintiff's fall once existed, based on Aguirre's deposition testimony (see, e.g., Doc. 29, p. 26), and that those photographs could have been material to the negligence claim in this case. Plaintiff argues that Defendant's sole possession of the photographs constitutes circumstantial evidence that Defendant acted affirmatively in destroying this evidence. (Doc. 33, p. 15). Defendant maintains that Plaintiff's argument is speculative (Doc. 37, p. 4); the Court agrees. As Defendant notes, "[n]o evidence indicates what happened to the photographs or how they were lost" or even "whether [Aguirre] correctly uploaded the photographs into the system for transmission." (Id. at p. 4 & n.2).

5

Even assuming, arguendo, that Aguirre properly uploaded the photographs and that the photographs remained in Defendant's sole possession, it is possible that the photographs were lost or destroyed haphazardly, which would not create an inference of bad faith. Cf. Se. Mech. Servs., Inc. v. Brody, 657 F. Supp. 2d 1293, 1300 (M.D. Fla. 2009) (finding bad faith where forensic computer experts opined that the wiping of cell phone data could only be due to the party's "deliberate and intentional actions"); Connor v. Sun Trust Bank, 546 F. Supp. 2d 1360, 1367, 1377 (N.D. Ga. 2008) (finding bad faith where an employee must have "affirmatively deleted" a relevant e-mail, because the employee had received preservation instructions and the e-mail system's automatic deletion period had not yet expired). Without any evidence that the loss or destruction of the photographs was, or could only be, due to a deliberate, intentional act of Defendant or its agent, the Court cannot conclude that the circumstantial evidence supports a finding of bad faith.[3] Plaintiff's remaining allegations of Defendant's bad faith during the discovery period do not change this result. (See Doc. 33, pp. 16–19).

Because Plaintiff has failed to offer sufficient evidence to establish that Defendant acted in bad faith in failing to preserve the photographs of the incident scene, Plaintiff cannot succeed on her Motion for spoliation sanctions. At trial, Plaintiff may be able to show that the absence of the photographs warrants an adverse inference instruction to the jury. At present, however, Plaintiff has failed to prove that such a

---

[3] Plaintiff avers that "[t]he law of continuity requires Defendant to prove three good faith intervening acts have caused the[ ] multiple sets of scene photographs to disappear." (Doc. 33, p. 15). Defendant has repeatedly represented that it has no photographs in its possession. And regardless of whether Defendant has identified an intervening act causing the absence of this evidence, neither the doctrine of continuity nor the principles of spoliation requires Defendant to prove good faith. Rather, as a prerequisite to spoliation sanctions, Plaintiff has the burden of proving that Defendant acted affirmatively and in bad faith; Plaintiff has failed to do so here.

sanction is appropriate. For that reason, Plaintiff's Motion to Find Spoliation is **DENIED** at this time.

**SO ORDERED**, this 13th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)