# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LADONNA PINKNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV214-075 |
| | ) | |
| WINN-DIXIE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### O R D E R

Presently before the Court are Plaintiff's Objections to Magistrate Judge James E. Graham's January 13, 2015 Order denying Plaintiff's Motion to Find Spoliation. Dkt. No. 43. For the reasons set forth below, Plaintiff's Objections are **SUSTAINED**. The Magistrate Judge's January 13, 2015 Order is hereby **VACATED**, and the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion to Find Spoliation. Dkt. No. 33.

### I. Background

On July 18, 2012, Plaintiff slipped and fell in the frozen food section of Defendant's grocery store in Brunswick, Georgia. Dkt. No. 1, p. 7. Plaintiff contends that her fall was caused by a puddle of water that had leaked from a freezer cooler. Id.

Plaintiff filed this action against Defendant seeking recovery for injuries that she allegedly suffered as a result of her fall. Id. at p. 7-9.

During discovery, Plaintiff served Defendant with requests for photographs of the scene of Plaintiff's fall taken around the time that it occurred. See Dkt. No. 43, p. 2 & n.1. Defendant responded that "[p]hotographs were taken at the time of . . . investigation" but withheld the photographs on the basis of privilege. Id. at pp. 2-3 & n.3. Plaintiff then filed a Motion to Compel seeking the production of, among other items, any photographs taken at or about the time of the subject incident. Dkt. No. 11, p. 16.

In response to Plaintiff's Motion to Compel, Defendant stated that it provided amended initial disclosures "confirming there are no photographs of the incident scene in Defendant's possession." Dkt. No. 12, p. 7. Defendant stated that the "only photographs," four photos of various forms and a photo of a diagram showing the accident location, had been produced to Plaintiff. Id. The Magistrate Judge then dismissed Plaintiff's Motion to Compel as moot, relying on Defendant's representations that "there are no photographs of the incident scene itself" and that Defendant had since "provided to Plaintiff all previously undisclosed photographs in [its] possession." Dkt. No. 18, p. 1 (citing Dkt. No. 12, pp. 7-8).

Subsequently, Plaintiff deposed Defendant's former employee, Francisco Javier Aguirre ("Mr. Aguirre"). Dkt. No. 29. At the time of the incident, Mr. Aguirre worked as a manager at Defendant's store where Plaintiff fell. Id. at pp. 6-7. Mr. Aguirre testified that he used the store's digital camera to take two or three photographs of the scene of Plaintiff's fall directly after the incident. Id. at pp. 23, 25-27, 31, 33, 35-37. The water that allegedly caused Plaintiff's fall was included in these pictures. Id. at pp. 25-27, 31, 33, 36-37. Mr. Aguirre further testified that he uploaded the pictures of the incident scene to Defendant's computer and sent the pictures to Defendant's claims management company. Id. at pp. 23-24, 33, 35-37, 50-52.

Plaintiff also deposed Defendant's employee Cindy Howard ("Ms. Howard"). Dkt. No. 27. Ms. Howard testified as the corporate representative of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6). Id. at p. 1. Ms. Howard explained that Defendant's policy for incidents in its stores requires an employee to, among other things, photograph the incident scene, upload the photographs to a store computer, and send all of the investigative materials to Defendant's home office and claims management company. Id. at pp. 16-27. At Mr. Aguirre's deposition, he testified that he strictly adhered to this policy

AO 72A
(Rev. 8/82)

3

in documenting Plaintiff's fall. Dkt. No. 29, pp. 23, 33, 35-37, 50-52.

Plaintiff then filed a Motion to Find Spoliation alleging that photographs of the incident scene once existed and that Defendant's apparent failure to preserve those photographs warrants sanctions for the spoliation of evidence. Dkt. No. 33, pp. 1, 6-7, 19. Noting that Defendant had a duty to preserve all evidence of the incident,[1] Plaintiff emphasized that Defendant has been able to produce other investigative materials including the incident report and video footage but has seemingly lost the incident-scene photographs that were transmitted along with those materials. Id. at pp. 8, 15-16. Plaintiff argued that the Court should impose spoliation sanctions, based on the incurable prejudice to Plaintiff, the probative nature of the photographs, and the circumstantial evidence of Defendant's bad faith. See id. at pp. 13-19. Specifically, Plaintiff requested sanctions in the form of a jury instruction on Defendant's spoliation, findings against Defendant on the issues of negligence and causation, and

---

[1] On this point, Plaintiff referred to an affidavit in which Ms. Howard stated that the incident report "was prepared in anticipation of litigation[,] as the facts surrounding [Plaintiff's] fall, including her reported injuries and prior injuries, caused [Ms. Howard] to believe that [Plaintiff] would likely make a claim, or file a lawsuit against [Defendant]." Dkt. No. 33, pp. 9-10 (citing Dkt. No. 20, p. 5). Plaintiff reasoned that the affidavit is evidence that Defendant knew of the likelihood of litigation involving Plaintiff's incident and therefore had a substantive duty to preserve any evidence thereof. Id. at p. 10.

prohibiting Defendant from further contesting those elements of Plaintiff's claim. Id. at pp. 1-2, 15-16.

The Magistrate Judge denied Plaintiff's Motion to Find Spoliation in the January 13, 2015 Order. Dkt. No. 41, p. 7. The Magistrate Judge determined that the Court could not impose sanctions based on Plaintiff's allegations, because "Plaintiff ha[d] failed to offer sufficient evidence to establish that Defendant acted in bad faith in failing to preserve the photographs." Id. at pp. 6-7. In order to prove bad faith, according to the Magistrate Judge, Plaintiff needed to show that "the loss or destruction of the photographs was, or could only be, due to a deliberate, intentional act of Defendant or its agent." Id. at p. 6. The Magistrate Judge concluded that the absence of bad faith precluded the imposition of spoliation sanctions and, therefore, was fatal to Plaintiff's Motion. Id. at pp. 6-7.

Plaintiff filed the instant Objections on January 14, 2015, asking the Court to set aside the Magistrate Judge's Order. Dkt. No. 43, p. 13. Specifically, Plaintiff contends that the Magistrate Judge erred in failing to find that the spoliation has prejudiced Plaintiff and in finding that there was no evidence that Defendant acted in bad faith. See id. at pp. 9-13. Defendant filed a Response on January 28, 2015, which urges

the Court to deny Plaintiff's Objections and to affirm the Magistrate Judge's decision. Dkt. No. 49, p. 7.

## II. Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 72(a) ("Rule 72(a)") permits a party to file objections to a magistrate judge's order on a nondispositive pretrial matter. Fed. R. Civ. P. 72(a). Rule 72(a) also provides the standard of review in the district court for ruling on those objections: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. Given that the parties have timely filed their respective Objections and Response, the undersigned must determine whether the Magistrate Judge's ruling on Plaintiff's Motion to Find Spoliation was clearly erroneous or contrary to the applicable law.

### B. The Magistrate Judge's Spoliation Analysis

Spoliation refers to "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Graff v. Baja Marine Corp., 310 F. App'x 298, 301 (11th Cir. 2009) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). A district court has broad discretion to impose sanctions for spoliation, in order "to

prevent unfair prejudice to litigants and to insure the integrity of the discovery process." Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005). The imposition of spoliation sanctions is governed by federal law. Id. Federal law in the Eleventh Circuit, however, does not set forth specific guidelines for ruling on a spoliation claim; therefore, a court may consider spoliation principles of the state where the alleged spoliation occurred. Id.

Under Georgia law, "[a] spoliation claim cannot be pursued unless the spoliating party was under a duty to preserve evidence." Whitfield v. Tequila Mexican Rest. No. 1, 748 S.E.2d 281, 287 (Ga. Ct. App. 2013). In the slip-and-fall context, courts have held that "the injured party must show that the alleged tortfeasor was put on notice that the party was contemplating litigation." Id. (quoting Clayton Cnty. v. Austin-Powell, 740 S.E.2d 831, 835 (Ga. Ct. App. 2013)). In this case, the parties have not disputed that Defendant had a duty to preserve evidence of the incident, and it appears that the Magistrate Judge assessed Plaintiff's spoliation claim under the assumption that Defendant had a duty to preserve photographs of the incident scene. See Dkt. No. 41, pp. 3-5.

There is ample evidence to support this assumption. In her affidavit, Ms. Howard testified that she directed Mr. Aguirre to investigate the incident because she believed that Plaintiff

"would likely make a claim, or file a lawsuit against [Defendant]." Dkt. No. 20, p. 5. Moreover, Mr. Aguirre's unrefuted testimony establishes that photographs of the incident scene once existed on Defendant's camera, were uploaded to Defendant's computer, and were sent to Defendant's claims management company. Dkt. No. 29, pp. 23, 33, 35-37, 50-52. Defendant concedes that it cannot locate those photographs. On these facts, the Magistrate Judge properly moved to an analysis of whether spoliation sanctions are appropriate.

Once a court finds that a party has spoliated evidence, Georgia law permits the court to sanction that party by dismissing the case, excluding expert testimony based on the unpreserved evidence, or issuing a jury instruction on the spoliation of evidence raising a presumption against the spoliator. Flury, 427 F.3d at 945 (citing Chapman v. Auto Owners Ins. Co., 469 S.E.2d 783, 784 (Ga. Ct. App. 1996)). In determining whether such sanctions are appropriate, the court must consider

> (1) whether the [moving party] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [spoliator] acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence was not excluded.

Id. (citing Chapman, 469 S.E.2d at 784).

In Bashir v. Amtrak, the Court of Appeals for the Eleventh Circuit stated that "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." 119 F.3d 929, 931 (11th Cir. 1997). The Court in Bashir explained that "'mere negligence' in losing or destroying the [evidence] is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." Id. (internal quotation marks omitted) (citations omitted) (noting that the moving party had offered no evidence that the spoliator "purposely lost or destroyed" the evidence).

However, in the Flury decision, decided after Bashir, the Eleventh Circuit held that a court weighing spoliation sanctions cannot focus on only one factor but instead "must consider" all of the factors enumerated above. 427 F.3d at 945. Specifically, the Court "should weigh the degree of the spoliator's culpability against the prejudice to the opposing party." Id. at 946; see also Brown v. Chertoff, 563 F. Supp. 2d 1372, 1381 (S.D. Ga. 2008) (finding spoliation sanctions warranted and recognizing that "since Flury, bad faith is only one factor to consider"). Additionally, the Eleventh Circuit explained that bad faith in the spoliation context "does not require a showing of malice." Flury, 427 F.3d at 946; see also Brown, 563 F. Supp. 2d at 1381 (spoliator's negligence in the

destruction of evidence "does not excuse the [spoliator's] culpability").

The Magistrate Judge, relying heavily on the reasoning in Bashir, did not conduct the multifactorial analysis required by Flury but instead limited the review to the issue of Defendant's bad faith. Importantly, the Magistrate Judge conducted no analysis of the prejudice that the destruction of the photographs caused Plaintiff. Additionally, the Magistrate Judge rejected Plaintiff's circumstantial evidence of bad faith as failing to demonstrate "a deliberate, intentional act" by Defendant. Dkt. No. 41, pp. 4-6. This analysis essentially held Plaintiff to the standard of proving malice, which the Eleventh Circuit and Georgia courts have rejected as a standard of culpability in the spoliation context. Flury, 427 F.3d at 946; Bridgestone/Firestone N. Am. Tire, LLC v. Campbell, 574 S.E.2d 923, 927 (Ga. Ct. App. 2002). For these reasons, the Court must set aside the Magistrate Judge's Order as contrary to law, and Plaintiff's Objections to the Magistrate Judge's Order are **SUSTAINED**.

### C. Analysis of Plaintiff's Motion for Sanctions

Having set aside the Magistrate Judge's Order in its entirety, the Court must revisit the merits of Plaintiff's Motion to Find Spoliation and determine whether spoliation

sanctions are appropriate. The Court will do so by weighing each of the factors enumerated in Flury in turn.

### 1. Prejudice to Plaintiff

Plaintiff was prejudiced as a result of Defendant's failure to preserve the photographs of the incident scene. Plaintiff alleges that the cause of her slip-and-fall injury was Defendant's negligence in allowing water from a leaking freezer cooler to collect on the floor of its store. Dkt. No. 1, pp. 7-8. As Plaintiff emphasizes in her Motion to Find Spoliation, the photographs could have contained "critical evidence of the existence of water on the floor and the water's origin." Dkt. No. 33, p. 14. "If relevant evidence is not produced, for whatever reason, and then is destroyed before either party learns of the existence of that evidence, then the absence of the relevant evidence prejudices the party that would have relied on it to prove its case." Connor v. Sun Trust Bank, 546 F.Supp.2d 1360, 1376 (N.D. Ga. 2008).

Defendant attempts to downplay the importance of the photographs by citing Mr. Aguirre's testimony that the photos "didn't really show anything because of the positon of the lighting, and it just looked like a really shiny floor." Dkt. No. 29, p. 36. Plaintiff is unable to rebut Mr. Aguirre's testimony without the ability to view the photographs themselves. Allowing Defendant to avoid spoliation sanctions

through the testimony of its witness that the destroyed evidence would not have benefited Plaintiff would "turn 'spoliation law' on its head." Brown, 563 F.Supp.2d at 1379 (citing Residential Funding Corp. v. Degeorge Fin. Corp., 306 F.3d 99, 109 (2d Cir. 2002) ("Courts must take care not to hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed or unavailable evidence, because doing so would subvert the purposes of the adverse inference, and would allow parties who have destroyed evidence to profit from that destruction." (alterations omitted) (internal quotation marks omitted))).

Moreover, even if the water puddle did not fully show up in the photographs, the pictures would have shown the area that Mr. Aguirre photographed and the "really shiny floor." See Dkt. No. 29, p. 36. Plaintiff could have used this evidence to demonstrate that the water was in the area of the cooler as she contends rather than further away as Defendant's witnesses appear to maintain. In sum, Mr. Aguirre's photographs may have been the best evidence of the condition of the scene at the time of Plaintiff's fall. Thus, the first factor weighs strongly in favor of Plaintiff's request for spoliation sanctions.

### 2. Ability to Cure any Prejudice to Plaintiff

Plaintiff avers that because Defendant has lost or destroyed the photographs, she has no means of obtaining

photographs of the scene immediately after the incident. Dkt. No. 33, p. 14. Plaintiff further contends that even if Defendant were to locate the photographs, Plaintiff still would have been deprived of meaningful opportunities to use the photographs in depositions already taken in this case. See id. Defendant has not specifically proposed any alternative to sanctions that would cure Plaintiff's disadvantage. See Dkt. No. 37, p. 2 n.1. Defendant does argue that Plaintiff may rely on the testimony of "[m]ultiple witness, including [herself], [eyewitness] Tim Overstreet, and Aguirre, [to] describe[ ] the puddle from memory without reference to the photographs." Id. at p. 3. However, the photographs could have preserved details that these witnesses are now unable to recollect. See Reedy v. Lull Eng'r Co., 137 F.R.D. 405, 407-08 (M.D. Fla. 1991) (finding it "doubtful" that the deposed witnesses would be able to recall the same detailed information about the condition of a site at the time of the accident that a photograph would provide). Moreover, there appear to be discrepancies in these witnesses' testimonies, including on the crucial issue of the water puddle's location. See Dkt. No. 29, pp. 31-35, 70. The pictures of the puddle could have resolved these discrepancies.

Consequently, while the witnesses' testimonies slightly alleviate the prejudice caused by Defendant's spoliation, they

do not cure it, and this factor also weighs in favor of sanctions.

### 3. Practical Importance of the Evidence

Photographs depicting the scene of Plaintiff's fall immediately after it occurred have practical importance in this action. As Plaintiff contends, the missing photographs are "highly probative" and "may have given support for Plaintiff's contention that the water originated from the nearby cooler." Dkt. No. 33, pp. 2, 14. Defendant contends that the photographs have no practical importance, based on the testimony of Aguirre and other witnesses. Dkt. No. 37, p. 3. As explained above, the testimony of these witnesses is not a substitute for the information captured by photographs. While it is true that photographs are not necessary for Plaintiff to prove the conditions of the floor, evidence need not be crucial to the litigation to be of practical importance. It is enough that the photographs could have been helpful to Plaintiff and that the absence of this evidence places the parties on unequal footing.

Defendant further states that the photographs have no practical importance, because "it is at least debatable whether Plaintiff ever would have had access to the photographs or whether they were covered by the work product privilege." Dkt. No. 49, pp. 4-5. Defendant does not offer any support for this contention, and it did not claim any work product protection as

to photographs in response to Plaintiff's Motion to Compel. See Dkt. No. 12. Accordingly, the Court need not resolve whether the photographs would have been protected by the work product protection. Moreover, regardless of the protection, courts routinely order the production of post-accident photographs under Federal Rule of Civil Procedure 26(b)(3) because parties have a substantial need for the information in the photos which they cannot obtain through other means. See, e.g., Sorrels v. NCL (Bahamas) Ltd., 291 F.R.D. 682, 683 (S.D. Fla. 2013); Hamilton v. Great Lakes Dredge & Dock Co., No. 05-CV-3862, 2006 WL 2086026, at *1 (E.D.N.Y. July 25, 2006) ("[A]ccording to a leading treatise, photographs of an accident scene, taken immediately after an accident has occurred, are a common example of material for which there is a substantial need sufficient to overcome work product protection." (citing 6 Moore's Federal Practice § 26.70[5][c] (Matthew Bender & Co. 3d ed.))).

For these reasons, the practical importance of the spoliated photographs also weighs in favor of sanctions.

### 4. Defendant's Good or Bad Faith

Defendant is at least culpable for failing to preserve the incident scene photographs. Plaintiff argues that Defendant acted in bad faith based on circumstantial evidence. Dkt. No. 33, pp. 15-19. Specifically, Plaintiff alleges the following: that Defendant has produced copies of the incident report and

surveillance video that were transmitted along with the missing photographs; that Defendant initially failed to disclose that photographs of the incident scene once existed; that Defendant allegedly attempted to frustrate Plaintiff's deposition of Aguirre; and that Defendant allegedly failed to cooperate in discovery on many occasions. Id. Defendant responds that there is no basis for bad faith, because Plaintiff's circumstantial evidence fails to show that Defendant engaged in an affirmative act to cause the loss or destruction of the photographs. Dkt. No. 37, p. 4.

Consistent with the principles in Flury discussed supra, this Court need not find malice to determine that Defendant acted in bad faith when failing to preserve the photographs. 427 F.3d at 946. In Flury, the Court found that because the plaintiff was the only party who knew of the spoliated evidence's location and, thus, was the only party able to preserve that evidence, the culpability for the loss of the evidence rested solely on the plaintiff. Id.; Nat'l Grange Mut. Ins. Co. v. Hearth & Home, Inc., No. CIV.A. 2:06CV54WCO, 2006 WL 5157694, at *5 (N.D. Ga. Dec. 19, 2006) (fourth factor weighed in favor of sanctions where "plaintiff had access to and control over the evidence and failed to preserve it").

There is no evidence that Defendant maliciously destroyed Mr. Aguirre's photographs. However, similar to the spoliator in

AO 72A
(Rev. 8/82)

Flury, Defendant was the only party to possess the photographs and the only party who could preserve them. According to the uncontroverted testimony of Mr. Aguirre, the photographs existed on Defendant's digital camera and its computer and were uploaded to Defendant's claims management company but have now inexplicably disappeared. Thus, at the least, Defendant failed to safeguard evidence which it unquestionably had a duty to preserve. This culpability, while not rising to the level of malice, also favors sanctions for Defendant's spoliation.

### 5. Potential for Abuse Without the Exclusion of Expert Testimony

The fifth Flury factor is irrelevant where, as here, the spoliated evidence is not the subject of expert testimony. As one district court noted, "[t]he fifth factor is more suited to a products liability case, where one side might seek to introduce expert testimony about an allegedly defective product that was lost or destroyed before the other side could inspect it." Woodard v. Wal-Mart Stores East, LP, 801 F. Supp. 2d 1363, 1371 n.4 (M.D. Ga. 2011). Indeed, the parties seem to agree that this factor weighs neither for nor against sanctions.

### 6. Level of Spoliation Sanctions

In sum, the multifactorial analysis required by Flury leads to the conclusion that spoliation sanctions are appropriate in this case. However, in determining the level of sanctions, the

Court must weigh the degree of Defendant's culpability against the prejudice to Plaintiff. In addition, the Court must bear in mind that Plaintiff's requested sanctions of irrebuttable findings in her favor should be reserved for only the most egregious cases of spoliation. Therefore, the Court **GRANTS** Plaintiff's Motion to Find Spoliation insofar as Plaintiff requests the sanction of a jury instruction on spoliation and **DENIES** the portions of Plaintiff's Motion asking the Court to find against Defendant on the issues of negligence and causation and forbid further argument on those elements.

The Court will instruct the jury that Defendant's failure to preserve the photographs taken of the incident scene raises a rebuttable inference that the photographs contained evidence that water was present on the floor and that the source of the water was a leaking freezer cooler. The Court also will instruct that Defendant is free to introduce evidence to rebut that adverse inference. This solution strikes the proper balance of alleviating the prejudice to Plaintiff without providing either party with an unfair advantage with regard to the evidence presented at trial.

### III. Conclusion

For these reasons and the manner set forth above, Plaintiff's Objections are **SUSTAINED**, and the Magistrate Judge's Order dated January 13, 2015, is **VACATED**. Plaintiff's Motion to Find Spoliation is **GRANTED IN PART and DENIED IN PART**.

**SO ORDERED**, this 27 day of February, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA